**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**TONYA MAYE,**
                    **Plaintiff,**
**v.**                                                                    **22-CV-565V(Sr)**

**ATLANTIC RECOVERY SOLUTIONS**

          **and**

**ZAC AGA,**
                    **Defendants.**

---

## DECISION AND ORDER

This matter was referred to the undersigned by the Hon. Lawrence J.

Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and

report upon dispositive motions.  Dkt. #6.


Plaintiff commenced this action, *pro se*, alleging discrimination on the

basis of race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*.

("Title VII"), *et seq*. Dkt. #1.


Currently before this Court is plaintiff's motion for appointment of counsel.

Dkt. #10. In support of the request, plaintiff states that she cannot afford an attorney

and is having difficulty getting all the paperwork and everything else she needs to

represent herself together. Dkt. #10, pp.4-5.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1.    Whether the indigent's claims seem likely to be of substance;

2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.    Whether the legal issues involved are complex; and

5.    Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). It must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits

2

of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This action is in its early stages, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by appointing counsel. Moreover, plaintiff has not provided the Court with any evidence that she has attempted to retain counsel, who may be willing to accept her case on contingency. Even if plaintiff is unable to retain an attorney, she has demonstrated an ability to set forth the factual basis of her claim, *to wit*, her immediate supervisor harassed her and another black employee to purchase drugs, causing her to need to take disability leave. Dkt. #8, p.74. As a result, the Court finds that plaintiff has not established that appointing counsel is justified at this time.  It is, therefore, plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654. Plaintiff is advised that the Pro Se Assistance Program is currently providing remote legal assistance to individuals representing themselves in civil actions in federal court and can be reached by telephone at (716) 847-0662, extension 340.

**SO ORDERED.**

DATED:      Buffalo, New York
            October 17, 2022

                                         *s/ H. Kenneth Schroder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**